UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
DAVID STEPHENSON, M.D.,

                                                    Plaintiff,

    -v.-                                              1:06-CV-1466
                                                     (GLS)(DRH)


HONORABLE STEPHEN HERRICK, Albany County
Court Judge; DAVID SOARES, Albany County
District Attorney; MARK HASKINS, New York State
Bureau of Narcotics; ANDREW ZOSTANT, Town of
Colonie Police Investigator; STEVEN HEIDER,
Town of Colonie Police Superintendent; TOWN OF
COLONIE, NEW YORK,

                                                    Defendants.
--------------------------------------------------------------------------------
APPEARANCES:

DAVID STEPHENSON, M.D.
06-A-3734
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, NY 12831
Plaintiff, *pro se*

GARY L. SHARPE,
U.S. DISTRICT JUDGE


## DECISION and ORDER

     Presently before the Court is an amended complaint filed by plaintiff

David Stephenson, M.D.  Dkt. No. 8.  This amended complaint was filed by

Stephenson in compliance with the Decision and Order issued by this Court

on December 20, 2006 ("December Order").  Dkt. No. 4.

In its December Order, the Court advised Stephenson that his allegations against Judge Herrick were dismissed because they were barred by absolute immunity. *Id.* at 4. Stephenson was also advised that his remaining claims all appeared to relate to events that led up to his guilty plea and sentence and were barred because Stephenson had failed to show that his sentence had been overturned. *Id.* at 4-5.

In his amended complaint, Stephenson alleges that Haskins and Zostant executed an illegal search warrant, with the approval of Heider. Dkt. No. 8 at 3. Stephenson alleges that Haskins gave misleading testimony before a grand jury. *Id.* Stephenson claims that the Town of Colonie "maintained policies or customs exhibiting deliberate indifference." *Id.* at 4. Stephenson alleges that newly named defendant Thomas Wiggers, the Superintendent of Auburn County Correctional Facility, acted with deliberate indifference when he allowed Stephenson to be transferred to another facility after Wiggers was served notice of a writ of habeas corpus filed by Stephenson.[1] *Id.* at 2.

Stephenson's claims against Haskins, Zostant, Heider, and the Town of Colonie relate to events that led up to Stephenson's guilty plea and sentence.

---

[1] Stephenson does not name previously named defendants Judge Herrick or David Soares in his amended complaint.

Stephenson was advised by the December Order that a claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, the claims against Haskins, Zostant, Heider, and the Town of Colonie are dismissed.

Stephenson claims that Wiggers violated his due process rights by allowing Stephenson's transfer from Albany County Correctional Facility to the Department of Corrections after Stephenson was sentenced in state court. Dkt. No. 8 at 2. New York Criminal Procedure Law § 430.20(1) provides, in pertinent part, that "[w]hen a sentence of imprisonment is pronounced . . . the defendant must forthwith be committed to the custody of the appropriate public servant and detained until the sentence is complied with." N.Y. CRIM. PROC. § 430.20 (2007). In this case, the "appropriate public servant" was the New York State Department of Corrections due to Stephenson's state conviction. Furthermore, it is well established that "a prisoner has no right to be incarcerated in a particular institution." *Black v. Delbello*, 575 F. Supp. 28, 29 (S.D.N.Y. 1983). Therefore, the claim against Wiggers is hereby dismissed.

In light of the foregoing and for the reasons set forth in the December

Order, the Court finds that Stephenson's amended complaint fails to state a

claim upon which relief may be granted.  The Court hereby dismisses this

action.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for failure to state a claim upon

which relief may be granted, and it is further

ORDERED, that the Clerk serve a copy of this Order on Stephenson by

regular mail.

IT IS SO ORDERED.

March 8, 2007
Albany, New York

_____
United States District Court Judge

4